Robert M. Cook (SBN 002628)
THE LAW OFFICES OF ROBERT M. COOK, PLLC
219 West Second Street
Yuma AZ 85364
Telephone: (928) 782-7771
Facsimile: (928) 782-7778
E-mail: robertmcook@robermcook.com
*Attorney for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**BELINDA L. ELWOOD,**<br><br>        Debtor.<br><br>**BELINDA L. ELWOOD,**<br><br>        Movant,<br><br>v.<br><br>**GMAC MORTGAGE,**<br><br>        Respondent. | In Proceedings Under<br>Chapter 13<br><br>Case No.0:10-bk-30036-JMM<br><br><br><br>**ORDER GRANTING<br>DEBTOR'S MOTION TO STRIP<br>OR AVOID SECOND LIEN** |

On February 22, 2012, Debtor filed a Motion to Strip or Avoid Second lien of GMAC Mortgage (hereinafter "Lienholder") against the property located in Yuma County at 604 W. Calle Esperanza, Somerton, AZ 85350. GMAC Mortgage has a second lien is the approximate amount of $38,898.67 (the "Second Lien"). The first lien is held by USDA Rural Development in the approximate amount of $134,713.64. Based on comparable properties in the area the property is worth approximately $62,250.00. Therefore, there is no secured value in the amount of the Second Lien.

The Court finds that notice of the (motion or complaint) upon Lienholder was proper. Lienholder having failed to file timely opposition to Debtor's motion, the court hereby orders as

Page -1-

follows:

1. For purposes of Debtor's Chapter 13 plan only, the Second Lien is valued at zero. Lienholder does not have a secured claim and the Second Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327, provided that the Chapter 13 case is completed and the Debtor's receive a discharge.

2. This order shall become part of Debtor's confirmed Chapter 13 Plan.

3. Upon entry of a discharge in Debtor's Chapter 13 case, the Second Lien shall be voided for all purposes and, upon application by Debtor, the Court will enter an appropriate form of judgment voiding the Second Lien.

4. If Debtor's Chapter 13 case is dismissed or converted to Chapter 7 before Debtor obtains a discharge, this order shall cease to be effective and the Second Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Lienholder, the Court will enter an appropriate form of order restoring the Second Lien.

5. Except as provided by separate, subsequent order of this Court, the Second Lien may not be enforced so long as this order remains in effect.

6. GMAC Mortgage's second lien, is hereby reclassified and shall be paid as a general unsecured claim.

**DATED AND SIGNED ABOVE**

Page -2-